**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESSICA HENDERSON, | ) | CASE NO.: 1:20CV1712 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on objections filed by Defendant, the Commissioner of Social Security, to the Report and Recommendation ("R&R") of the Magistrate Judge. On October 27, 2021, the Magistrate Judge issued his R&R in this matter recommending that the Court reverse the decision of the Commissioner. On November 8, 2021, the Commissioner objected to the R&R. Plaintiff Jessica Henderson has not responded to the objections. The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the

Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

The sole issue presented in the appeal of the denial of Plaintiff's benefits focuses on whether the ALJ properly analyzed and discounted the opinion of Plaintiff's physician, Dr. Keppler. In resolving the issue, the R&R analyzed it as follows:

> I conclude the ALJ erred in his evaluation of Dr. Keppler's medical opinion. The reasons provided by the ALJ do not build an accurate and logical bridge to support his conclusion that Dr. Keppler's opinion is unsupported and inconsistent with the record. Rather, the ALJ's articulation of the medical opinion's supportability and consistency is scant and conclusory; moreover, some of the ALJ's reasons themselves are not supported by substantial evidence in the record.

Doc. 15 at 15. The R&R also noted the ALJ's analysis of Dr. Keppler:

> The ALJ's evaluation of Dr. Keppler's opinion is brief:
>
> The opinion of Dr. Louis Keppler, M.D., [Ms. Henderson's] own medical source, is not persuasive. The severity of his assessed limitations are [sic] not consistent with or supported by the medical evidence of record. While he stated that [Ms. Henderson] has severe exertional and postural limitations, the objective imaging of record shows only mild scoliosis with Harrington rods that are in good position and a solid cervical fusion. Additionally, she has not had any significant asthma exacerbations. Furthermore, [Ms. Henderson] has only required non-conservative treatment measures since her amended alleged onset date. Therefore, Dr. Keppler's opinion is not persuasive.

*Id.*

The Commissioner contends that the ALJ's opinion, when read as a whole, more than adequately satisfied the minimal level of articulation necessary to satisfy review. The Court disagrees.

The Commissioner is correct that the ALJ need not reproduce treatment records when evaluating the weight to give Dr. Keppler because they were discussed elsewhere in the opinion. However, the ALJ's assessment is problematic because the *sole* examples chosen to discount the opinions of Dr. Keppler are inaccurate, as detailed by the R&R. The objective imaging referred

to by the ALJ described increased scoliosis curvature *despite* the presence of Harrington rods. Thus, it hardly supports discounting Dr. Keppler's opinions. Similarly, the Commissioner agrees that the "the Magistrate Judge was correct that the ALJ's reference in the opinion analysis to the conservative treatment and the discussion of the lack of asthma symptoms while accommodating same was improper[.]" Thus, the totality of this portion of the ALJ's analysis was unsupported by substantial evidence.

While the Commissioner may be correct that pieces of the ALJ's decision could be pulled out and found to support the conclusions, it is not the role of this Court to build the logical bridge necessary for review. Herein, the ALJ failed to build such a bridge. Accordingly, the Court finds no error in the R&R.

For the reasons stated above, the Commissioner's objections are OVERRULED. The R&R is ADOPTED IN WHOLE. The decision of the Commissioner is hereby REVERSED, and this matter is REMANDED for further proceedings.

IT IS SO ORDERED.


Dated: March 3, 2022
　　　　　　　　　　　　　　　　　　　　　　/s/ John R. Adams
　　　　　　　　　　　　　　　　　　　　　　JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE